1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8   GEORGE SONDAH,                    )
                                      )
9            Petitioner,              ) CIV 09-01412 PHX JAT (MEA)
                                      )
10           v.                       ) REPORT AND RECOMMENDATION
                                      )
11  ERIC H. HOLDER, JR., JANET        )
    NAPOLITANO, KATRINA KANE,         )
12  JAMES SCHOMIG,                    )
                                      )
13           Respondents.             )
    _____ )
14
    TO THE HONORABLE JAMES A. TEILBORG:
15
             Mr. George Sondah ("Petitioner"), who is represented by
16
    counsel in this matter, filed a Petition for Writ of Habeas
17
    Corpus pursuant to 28 U.S.C. § 2241 on July 6, 2009.  At that
18
    time Petitioner was detained by Respondents[1] in Eloy, Arizona.
19
    Petitioner also filed a motion for a preliminary injunction and
20
    a motion to consolidate this case with Docket No. 2:09 CV 1410.
21
    Respondent filed a Response in Opposition to Petition for Writ
22
    of Habeas Corpus ("Response") (Doc. 17) on August 27, 2009.  In
23
    total, four motions to consolidate were filed.  On September 2,
24
    2010, the motions to consolidate were denied in Docket No. 2:09
25
    CV 1410.  On September 28, 2010, Respondents were ordered to
26
    file additional pleading.  Respondents filed a response to the
27

28
    _____
         [1] Respondents urge that the only proper Respondent named in this
    matter is Mr. Schomig, who was Petitioner's immediate custodian at the
    time the petition was filed.

Court's order, *inter alia* urging that the petition is moot.  <u>See</u> Doc. 43.  Petitioner filed a Response to Order and Supplemental Pleadings on October 22, 2010.  <u>See</u> Doc. 44.

### I.  Background

Petitioner is a native of Liberia, who entered the United States as a refugee from Ghana.  <u>See</u> Response (Doc. 17), Exh. 1 & Exh. 2.  On March 29, 2001, Petitioner was admitted to the United States as a refugee, pursuant to section 7 of the Immigration and Naturalization Act ("INA").  <u>See</u> <u>id.</u>, Exh. 1 & Exh. 2.

On December 6, 2002, Petitioner was convicted by the State of California on one charge of petty theft.  Petitioner was sentenced to a term of three years probation pursuant to this conviction.  <u>Id.</u>, Exh. 2.  On May 12, 2008, Petitioner was convicted by the State of California on once count of petty theft with a prior conviction.  <u>See</u> <u>id.</u>, Exh. 2.  Petitioner was sentenced to serve 270 days in jail followed by a term of two years probation.  <u>Id.</u>, Exh. 2.

On April 8, 2009, the government issued a Notice to Appear, charging Petitioner was removable from the United States because he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  <u>Id.</u>, Exh. 3.  Petitioner was taken into custody on that date[2] and held

---

[2] Petitioner came to the attention of ICE when he was arrested for petty theft and detained in Martinez, California, by local authorities. Response, Exh. 2.  When detained by immigration officials, Petitioner told the officials he had a pending application to obtain the status of a lawful permanent resident.  <u>Id.</u>, Exh. 2.

without bond because the government concluded he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  A bond determination was conducted by an Immigration Judge ("IJ") on May 1, 2009, who determined Petitioner could not be released on bond.  Id., Exh. 5.

Petitioner reserved an appeal of this decision and was represented by counsel in his appeal.  Id., Exh. 5.  The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the decision of the IJ on June 19, 2009.  Id., Exh. 7.

On July 15, 2009, Petitioner filed a Form I-485, i.e., an application to adjust his status to that of a lawful permanent resident, and a Form I-602, seeking a waiver of grounds of inadmissibility.  Id., Exh. 8.  Petitioner had an interview with Citizenship and Immigration Services on July 24, 2009.  Id., Exh. 9.

The habeas petition asserts:

> It has long been the policy of the Arizona Field Office of Immigration and Customs Enforcement to interpret 8 U.S.C. § 1159(a) to authorize the detention of individuals admitted to the United States as refugees who have not acquired permanent resident status within one year. These "unadjusted refugees" are commonly held for approximately four to six months while their applications for permanent residence are being adjudicated. During this time, they are not charged with any civil or criminal offense and are not placed in removal proceedings. They are not eligible to apply for bond in front of a neutral magistrate. Petitioner argues that this policy and practice of detaining unadjusted refugees violates substantive and procedural due process and is contradictory to the Immigration and Nationality Act.

Respondent asserted in his initial response to the petition that the petition must be denied because, at that time, Petitioner was being legitimately detained as a refugee "who has not adjusted his status and pursuant to 8 U.S.C. 1226(c)." Response at 2. Respondent further asserted in the initial response that he was required to detain Petitioner "for inspection and examination" pursuant to 8 U.S.C. 1159, as a refugee who had not adjusted his legal status after one year. Id. Respondent argued Petitioner's detention was not unconstitutional because it was not indefinite, as his status was not permanent, i.e., "a decision regarding his admission [would] be issued and served shortly.... " Id. at 4.[3]

In response to the Court's order requiring supplementation of the record, Respondent states:

> On July 15, 2009, Petitioner filed a Form I-485 seeking to adjust his status to that of a lawful permanent resident. The U.S. Citizenship and Immigration Service ("USCIS") denied Petitioner's application on August 31, 2009, due to Petitioner's criminal history. On September 4, 2009, the Department of Homeland Security ("DHS") placed Petitioner in removal proceedings through the issuance, service and filing of a Notice to Appear ("NTA"). That NTA was amended on three occasions, most recently on October 21, 2009. Petitioner Sondah accepted a final order of removal to Liberia on April 15, 2010, and waived his right to appeal that order. In his removal order, the Immigration Judge denied

---

[3] Respondent maintained Petitioner's detention did not violate any constitutional right or federal statute. Respondent asserted Petitioner's detention pursuant to  8 U.S.C. § 1159(a), while a determination regarding his admissibility was pending, was legally similar to an alien's detention during removal proceedings, i.e., it was not "indefinite" detention because Petitioner's detention would end when a final order of removal was entered or when Petitioner's removal proceedings resulted in a change of his status to that of a legal resident.

-4-

1
2
3
4

> Petitioner's application to adjust status and to waive the grounds of inadmissibility. (See id.) On June 28, 2010, Petitioner Sondah was released on an order of supervision. (See Exhibit 6 – Order of Supervision.) Petitioner is not currently in custody.

5  Doc. 43 at 2.

6         Petitioner does not dispute that he is now under a
7  final order of removal nor does he dispute that he is not now in
8  custody.

9         "The case or controversy requirement of Article III
10 admonishes federal courts to avoid premature adjudication and to
11 abstain from entangling themselves in abstract disagreements."
12 U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1208 (10th Cir.
13 1999) (internal quotation marks and citations omitted).  A
14 court must dismiss a case as moot if at any point it becomes
15 certain either that "'the allegedly wrongful behavior could not
16 reasonably be expected to recur,'" Friends of the Earth Inc. v.
17 Laidlaw Envtl. Assoc. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct.
18 693, 708 (2000) (citation omitted), or that there is no
19 effective relief remaining for the court to provide.  See
20 Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067
21 (1996).

22        The Court does not have subject matter jurisdiction to
23 consider a habeas claim that is moot.  See, e.g., Dittman v.
24 California, 191 F.3d 1020, 1025 (9th Cir. 1999).  Because
25 Petitioner is no longer detained pursuant to 8 U.S.C. § 1159,
26 any opinion issued at this time by this Court regarding that
27 statute would be purely advisory in nature.

28

Petitioner's case is rendered moot by his release from custody. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (finding habeas petition was not moot where petitioner's supervised release left open possibility of court's issuance of effectual relief). Because Petitioner is no longer in custody, the Court may not reach the merits of his argument regarding the constitutionality of his initial detention. Petitioner no longer has a personal stake in the outcome of his argument. Because Petitioner no longer has a personal stake in the relief sought, i.e., a declaration that 8 U.S.C. § 1159 is unconstitutional, his habeas petition is moot. See Rodriguez v. Hayes, 591 F.3d 1105, 1117-18 (9th Cir. 2010). Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998).

The habeas petition seeks injunctive relief, i.e., Petitioner's release from custody. Injunctive relief may no longer be granted because Petitioner is no longer detained and, accordingly, his release would not be effected by a decision finding the challenged statute unconstitutional. Additionally, Petitioner seeks declaratory relief. A claim for declaratory relief will not save a petition from mootness unless the declaration affects the individual filing the petition. Ferry v. Gonzalez, 457 F.3d 1117, 1132 (10th Cir. 2006). Any opinion issued in this matter that the challenged statute is unconstitutional would be an advisory opinion. The Court should not issue such an opinion "because a declaratory judgment on

that question would have no meaningful effect" on DHS' or ICE' future conduct towards Petitioner. Id.

Petitioner contends that the petition is not moot and the Court should exercise jurisdiction and find the statute unconstitutional, citing the maxim that the case or controversy requirement of Article III is satisfied if the challenged constitutional violation is capable of repetition yet evades review. Petitioner argues his case presents a situation that is capable of repetition yet evading review, an exception to the mootness doctrine which "applies only in exceptional circumstances." Spencer, 523 U.S. at 17, 118 S. Ct. at 988 (quotations omitted). This exception will rescue a moot controversy only if: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quotations omitted). See also Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 350 (1975).

The second prong of the capable-of-repetition exception requires a "reasonable expectation" or a "demonstrated probability" that "the same controversy will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982). Although other detainees will undoubtedly face this same issue in the future, there is no reasonable expectation, and certainly no demonstrated probability, that Petitioner will be subject to the same action again.

-7-

Neither is the narrow exception to the mootness doctrine of voluntary cessation applicable.[4]   This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1, 121 S. Ct. 743, 747 n.1 (2001).   However, this case is not analogous to the situation where "[respondents] seek to evade sanction by predictable protestations of repentance and reform." Id. There is no suggestion that the decision allowing for Petitioner to be detained pursuant to section 1226(c) was the result of an attempt by the government to evade review of 8 U.S.C. § 1159. Accordingly, the exception of voluntary cessation inapplicable. See Riley v. I.N.S., 310 F.3d 1253, 1257 (2002).

**IT IS THEREFORE RECOMMENDED that** Mr. Sondah's Petition for Writ of Habeas Corpus be **denied and dismissed**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of

---

[4]   It is not clear if the "voluntary cessation" doctrine applies to section 2241 habeas cases.  Compare Picrin-Peron v. Rison, 930 F.2d 773, 775-76 (9th Cir. 1991), with Sherman v. United States Parole Comm'n, 502 F.3d 869, 871-72 (9th Cir. 2007) (noting cases in which the merits of a challenge to pretrial detention were not mooted when the petitioner was no longer detained prior to trial).  The Tenth Circuit Court of Appeals has concluded:
> We will not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

Riley v. I.N.S., 310 F.3d 1253, 1257 (2002).

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner

has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 10th day of November, 2010.

_____
Mark E. Aspey
United States Magistrate Judge