**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Sondah,<br><br>        Petitioner,<br><br>vs.<br><br>Eric Holder; et al.,<br><br>        Respondents. | No. CV 09-1412-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner states:

> Petitioner argues that ICE's interpretation of § 1159(a) violates the Constitution of the United States and the Immigration of Nationality Act and that no statutory or regulatory authority otherwise exists to authorize his continued detention. Accordingly, Petitioner seeks a writ of *habeas corpus* ordering his immediate release from immigration custody.

Doc. 1 at 4.

It is undisputed that Petitioner was released from custody on June 28, 2010. Doc. 43 at 2. It is further undisputed that it is highly unlikely that Petitioner could ever again be held in custody pursuant to § 1159(a) because he now has a final order of removal. Doc. 47 at 5. However, Petitioner's counsel argues that the Petition in this case is not moot because: (1) detention under § 1159(a) is capable of repetition yet evading review; and/or (2) the voluntary cessation exception to mootness applies in this case. Doc. 47 at 5, 9.

On November 12, 2010, the Magistrate Judge to whom this case was assigned issued

a Report and Recommendation recommending that this Court find the Petition in this case is moot. Doc. 45. Both parties have filed objections to the Report and Recommendation. Accordingly, the Court will review the question of mootness de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

**I.     Mootness and § 2241**

The Court has not located any case in which the Ninth Circuit Court of Appeals has applied any of the exceptions to mootness to a § 2241 petition that was not in the pretrial context.[1] Thus, it is unclear whether the exceptions to mootness apply in the § 2241 immigration context.[2] The question arises because the sole relief sought in this § 2241 habeas petition is release from custody for this Petitioner; and that full relief has been obtained.[3] Thus, for this Court to grant any other relief, the relief would be in addition to the relief sought in the Petition, with the Petitioner acting as a quasi class action lead plaintiff to seek such prospective relief for other detainees. Indeed, following his release from custody, Petitioner states that he seeks "to represent interests broader than his own." Doc. 47 at 6.

Specifically, Petitioner seeks to challenge all detentions under 8 U.S.C. § 1159. Doc.

---

[1] "The capable of repetition, yet evading review exception has been applied to permit appellate review of constitutional or statutory challenges to pretrial and other initial proceedings despite the regular progression of further proceedings making it 'no longer possible to remedy the particular grievance giving rise to the litigation.'" *Sherman v. United States*, 502 F.3d 869, 872 (9th Cir. 2007) (citation omitted).

[2] *See* R&R (Doc. 45) at 5-6 (discussing cases on mootness).

[3] The prayer for relief in the Petition states:
   Wherefore, Petitioner respectfully requests that the Court grant the following relief:
      (1) Issue an Order declaring that Petitioner's detention by Respondents is contrary to law and unconstitutional; and
      (2) Issue an Order that Respondents immediately release Petitioner; and
      (3) Award Petitioner his reasonable costs and fees; and
      (4) Grant any other and further relief this Court may deem appropriate.
Doc. 1 at 9.

- 2 -

1  19 at 2-10.  At the time Petitioner filed his Petition, he was in custody pursuant to 8 U.S.C.
2  § 1159.  Section 1159 provides that an unadjusted refugee who has been present in the
3  United States for at least one year who has not acquired permanent resident status shall,
4  "return or be returned to the custody of the Department of Homeland Security for inspection
5  and examination for admission to the United States as an immigrant... ."  Petitioner seeks to
6  have this Court declare that the government can never take a person into custody under §
7  1159 (Doc.19 at 2-9) or alternatively, that if the government can take someone into custody
8  under § 1159 that the custody is limited to 48 hours (Doc. 19 at 9-10).  Respondents counter
9  that detention is expressly permitted by § 1159 and, because such detention is not indefinite,
10 such detention is constitutionally permissible.  Doc. 17 at 4.  Thus, the issue is whether the
11 declaration Petitioner seeks is mooted by his release from custody.
12       The Tenth Circuit Court of Appeals has applied the exceptions to mootness to a §
13 2241 habeas petition.  The Court stated:

> Section 2241(c)(1) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody."  However, the fact that Appellant is no longer in custody does not automatically moot Appellant's petition because he was in custody at the time of filing.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Our inquiry then becomes whether Appellant meets one of the exceptions to the mootness doctrine.
> We will not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary inquiry; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." [citations omitted.]

20 *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002).  Following the Tenth Circuit's
21 guidance, the Court will consider the two exceptions to mootness argued by Petitioner in this
22 case.
23       **A.    Voluntary Cessation**
24       In *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit Court of
25 Appeals considered the question of whether the voluntary cessation exception to mootness
26 was available in the context of a petition under §2241, but did not find it necessary to decide
27 the issue.  Specifically, the Court stated:
28       Because [Petitioner] does not contest his present freedom from confinement,

> we next address the question of mootness. If it appears that we are without power to grant the relief requested, then this case is moot. ...
> Here, [Petitioner's] petition seeks only the issuance of a writ of habeas corpus. The federal writ of habeas corpus traces its origins deep into the history of the common law. ...
> Historically, the function of the writ is to secure immediate release from illegal physical custody. ... The Supreme Court has held that "under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement." ... The Court has also said that "[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power."
> [Petitioner's] counsel referred to four INS detainees, in addition to [Petitioner] who have brought petitions for writ of habeas corpus challenging indefinite detention of excludable aliens. In each case, the INS has voluntarily terminated the incarceration so that either the petition for the writ was dismissed or, in cases where it had been denied, the appeal was dismissed. [Petitioner] contends that these cases are sufficient to invoke the doctrine of voluntary cessation.
> The Supreme Court has held that an appeal is not moot where the government voluntarily ceases illegal action but is free to resume it at any time. ... However, none of the cases applying this doctrine deals with a petition for habeas corpus. ...
> The doctrine of voluntary cessation "has been interpreted to apply generally in cases in which a type of judgment with continuing force, such as an injunction, is sought. Such cases do not become moot 'merely because the [defendant's] conduct immediately complained of has terminated, if there is a possibility of a recurrence which would be within the terms of a proper decree.'" ...
> ...[Here, T]he government filed a declaration of the director of the Los Angeles District Office of the INS who reiterated under oath [that Petitioner will be paroled for another year.]
> Based on that declaration, we are satisfied that the alleged wrong will not recur. ... Because the "conditions satisfying [the voluntary cessation exception] are [not] met, ..., we need not decide whether the voluntary cessation exception to the mootness doctrine applies in habeas corpus cases.

*Id.* at 775-76 (internal citations omitted).

The Court finds this case analogous to *Picrin-Peron*. Specifically, both Petitioners are not in custody, both Petitioners argue other people were incarcerated under the same method that they were incarcerated (and released by the government), but both Petitioner's themselves will not be again incarcerated under that method. Thus, this Court reaches the same conclusion as the Court in *Picrin-Peron* that assuming the voluntary cessation exception to mootness applies in § 2241 cases, because Petitioner in this case will not be re-incarcerated under § 1159, the voluntary cessation exception does not apply to overcome the

1 fact that the Petition is moot.[4]

2 **B.   Capable of Repetition yet Evading Review**

3 The test for determining whether the capable of repetition yet evading review exception to mootness applies is: 1) will the challenged action be too short in duration to be fully litigated before cessation or expiration; and 2) is there a reasonable expectation that this plaintiff will be subject to the same action again. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); R&R (Doc. 45) at 7. However, with respect to the second prong, Petitioner argues that courts in this circuit allow a petitioner to act as a quasi class representative. Doc. 47 at 6 (quoting *United States v. Howard*, 480 F.3d 1005, 1010 (9th Cir. 2007) ("As a practical matter, this case is materially similar to a class action in which the class representative's claims may become moot, but there are members of the class whose claims are not moot."). By way of further example, the Ninth Circuit Court of Appeals has explained that,

> in *Gerstein v. Pugh*, 420 U.S. 103. 110 n. 11 (1975), the Court determined that respondents' convictions did not preclude review of their challenge to their pretrial detentions, which lacked a judicial determination of probable cause. In *Howard*, 480 F.3d at 1009-10, we applied *Gerstein* and held that the conclusion of pretrial proceedings did not preclude us from reviewing a courtroom security policy of shackling pretrial detainees during initial appearances. And in *United States v. Woods*, 995 F.2d 894, 896 (9th Cir. 1993), we applied the exception to an inmate's challenge to the revocation of his conditional release under 18 U.S.C. § 4246(f), despite the fact his confinement at the time of appeal was, "not due to the revocation order being challenged." By the time we heard his appeal, Woods had been again granted conditional release and then re-confined under another revocation order.

*Sherman v. United States*, 502 F.3d 869, 872 (9th Cir. 2007)(concluding that "because the Commission's policy is ongoing and generally applicable to all federal parolees subject to retaking, the proper construction of 18 U.S.C. § 4213(a) in relation to the Fourth Amendment is an issue of continuing and public importance." (internal quotations omitted)). Thus, Petitioner argues that the R&R interprets the mootness exception too strictly by requiring that Petitioner himself be potentially subject to the same conduct again.

---

[4] The Tenth Circuit Court of Appeals reached the same conclusion in its § 2241 case. *Riley*, 310 F.3d at 1257.

- 5 -

Before considering whether Petitioner may act as a quasi class representative, the Court will first consider whether the challenged action will be of too short of duration to be fully litigated before cessation or expiration. *See Spencer*, 523 U.S. at 17. Unlike all of the pretrial detention cases relied on in *Sherman*, detention under 8 U.S.C. § 1159 is not for a limited duration. For example, while Petitioner was being detained under § 1159, he noted in his Petition, "[Petitioner] has no release date and no assurances as to when his application for permanent residence will be adjudicated." Doc. 1 at 6-7. Further, Petitioner argues that the immigration judges have found that they do not have jurisdiction to consider challenges to detention under § 1159, further extending the possible length of detention until a § 2241 habeas petition could be considered by the district court. Doc. 1 at 4-5. Thus, unlike pretrial detention, § 1159 is not guaranteed to conclude based on the necessary progression of the proceedings.

Thus, because § 1159 detention is not for a quick or limited duration,[5] the Court finds § 1159 is not capable of repetition yet evading review. A petitioner could certainly still be in custody when his § 2241 Petition is being considered by the district court and, if denied, by the appellate court.[6] Thus, because the Court finds Petitioner cannot meet this prong of the capable of repetition yet evading review exception, the Court need not consider whether Petitioner can stand as a quasi class representative for other detainees even though he has conceded that he will not again be subject to § 1159 detention.[7]

---

[5] The Government disputes this conclusion. However, for purposes of the mootness question, the Court has accepted Petitioner's allegations regarding the length of detention.

[6] In this particular case, this Court's consideration of the merits of the Petition was delayed by Petitioner's efforts to have his case consolidated, before another Judge, with twelve other cases in this district. As a result, although the Petition in this case was filed on July 6, 2009, the motion to consolidate was not resolved until September 2, 2010. Doc. 40.

[7] *See generally Alizabeth v. Kane*, CV 09-1942-PHX-GMS (D. Ariz. 2010) (Doc. 33) (reaching the same conclusion on mootness on different grounds).

## II. Objections

The Court has addressed the merits of the mootness exceptions to § 2241 in Petitioner's case, thereby reviewing the R&R de novo on all legal issues related to mootness and all legal objections are overruled consistent with the analysis above. However, each party has also filed fact based objections to the Report and Recommendation, which the Court will now consider.

The Government objects to one sentence in the Report and Recommendation which states, "other detainees will undoubtedly face this same issue in the future...." Doc. 46 at 2 (quoting the R&R). The Government objects that there is no credible evidence in the record to support this conclusion. However, the declaration of Brian Wolf does support this conclusion. Doc. 47-2. Specifically, Mr. Wolf declares that as of October 22, 2010 he was aware of or representing several refugees who were in multiple month detentions under § 1159. Thus, because there is evidence in the record to support the Magistrate Judge's finding, the Government's objection is overruled.

Petitioner states that the R&R, "makes several significant factual errors," but Petitioner does not succinctly list all such alleged errors. Doc. 47 at 2-3. Thus, the Court will address the two factual errors the Court has identified from Petitioner's objections. First, Petitioner objects to the Magistrate Judge's statement that Petitioner was detained under 8 U.S.C. § 1226(c). Doc. 47 at 3-4 (quoting the R&R). It appears that Petitioner was originally detained under 8 U.S.C. § 1159. Then, after Petitioner was found removable, he was detained (though later released on bond) under 8 U.S.C. § 1226(c). Thus, the Court modifies the Report and Recommendation in this regard.

Second, Petitioner objects to the Report and Recommendation's statement that on April 8, 2009 the Government issued a Notice to Appear. Doc. 47 at 4. This objection stems from the fact that the Government issued the Notice to Appear on April 8, 2009, but did not file it with the immigration court (which is necessary to initiate removal proceedings) until September 4, 2009. *Id.* at 4-5. Because the Notice to Appear was in fact issued on April 8, 2009, the objection is overruled. Nonetheless the filing date is noted.

- 7 -

### III. Certificate of Appealability

Because a certificate of appealability is not required for a petitioner to appeal the denial of a habeas petition in a § 2241 case, the Court need not decide whether to grant a certificate of appealability. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion for extension of time (Doc. 48) is granted to the extent that the reply is deemed to be timely.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 45) is modified and accepted as indicated above.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment dismissing the Petition in this case as moot.

DATED this 8th day of February, 2011.

James A. Teilborg
United States District Judge